# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN LEE WALKER, | : | Civil No. 1:20-CV-2247 |
| Plaintiff, | : | |
| v. | : | |
| DR. ZALOGA, CORRECTIONAL CARE, INC, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B) is the complaint of self-represented Plaintiff Brian Lee Walker ("Walker"), an inmate incarcerated at the Lackawanna County Prison ("LCP"), in Scranton, Pennsylvania. (Doc. 1.) Walker seeks to proceed *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 4.) Walker alleges his Eighth Amendment right to be free from cruel and unusual punishment was violated when Defendants were deliberately indifferent to his serious dental needs. (*Id*.) Named as Defendants are Warden Timothy Betti, Dr. Zaloga, and Dr. Demian. For the reasons that follow, the court will grant Walker's request to proceed *in forma pauperis* but dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) with leave to amend.

## FACTUAL BACKGROUND

"Pulling teeth is not a solution … it is torture" according to Walker. (Doc. 1., p. 12.)  Between April and May 2019, Walker brought a painful right bottom molar to the attention of Dr. Zaloga and Dr. Demian, a dentist at LCP.  Walker requested a root canal because the tooth was not loose and because he sought to rebuild it in the future.  (Doc. 1., p. 12.)[1]  After an x-ray was taken of Walker's tooth, Dr. Zaloga, Dr. Demian, and others advised him that root canal treatment was not offered at LCP, only extractions.  (*Id.*)  Walker believes failing to repair his teeth will result in the unnecessary loss of teeth and places him at risk for infection.  Walker's tooth has twice been infected while at LCP.  Although he was provided aspirin and salt rinses which alleviated the infection, it did not solve the underlying problem.  (*Id.*, p. 18.)  Walker claims his grievance to Warden Betti never responded to the issue.  As relief he seeks LCP to change its policy to provide root canals as well as compensatory damages for his present suffering and future dental work he will need to repair his teeth.  (*Id.*, p. 5.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  *See also* 28 U.S.C.

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

§ 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if, for example, it is frivolous or fails to state a claim for which relief may be granted). The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions. *See Tate v. Wiggins*, 805 F. App'x 159, 162 (3d Cir. 2020).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019), *cert. denied,* 140 S.Ct. 1611 (2020) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations

"plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of the Scis.,* 961 F.3d 203, 208 (3d Cir. 2020). The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 245 (3d Cir. 2008). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Dooley*, 957 F.3d at 376 (citing *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002)).

## DISCUSSION

Deliberate indifference to a serious medical need violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In the prison context, an Eighth Amendment claim of deficient medical care must demonstrate two elements: 1) an objectively

serious medical condition; and 2) an official's deliberate indifference to that condition.  *See Ryle v. Fuh*, 820 F. App'x 121, 123 (3d Cir. 2020) (citing *Estelle*, 429 U.S. at 104).  A medical need is serious if it "has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotation omitted).  "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009).  To constitute deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

Generally, courts accord prison medical providers "considerable latitude in the diagnosis and treatment of prisoners," *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993), and "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment … [which] remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)) (alternations in original).  Claims of negligence or medical malpractice do not constitute deliberate indifference. *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186,

193 n. 2. (3d Cir. 2001). As such, prisoners do not have the right to choose their medical treatment, *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (citing *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000)), and their disagreement with a prison medical professional's judgment, or a difference of medical opinion between two physicians does not demonstrate an Eighth Amendment violation because "[t]here may … be several acceptable ways to treat an illness." *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990).

Here, Walker's allegations amount to a disagreement over the proper course of his treatment and fail to allege a reckless disregard with respect to his dental care. *Farmer*, 511 U.S. at 836; *see James v. Pa. Dep't of Corr.*, 230 F. App'x 195 (3d Cir. 2007) (per curiam) (extraction of an abscessed tooth was not an Eighth Amendment violation even if the prison did not offer any alternative treatment). Walker refuses to have his problematic tooth extracted and believes Defendants demonstrate their deliberate indifference to his pain by not providing him a root canal or other restorative treatment alternatives. Yet, he admits that he is provided ibuprofen and salt rinse for his discomfort. His request for a more permanent fix, in the form of a root canal rather than an extraction, is insufficient to plead an Eighth Amendment medical claim against any Defendant. *See Leachman v. Harris Cnty, Texas*, 779 F. App'x 234, 238 (5th Cir. 2019); *James*, 230 F. App'x. at 197; *King v. United States*, 536 F. App'x 358, 362–63 (4th Cir. 2013) (concluding

6

dental staff not deliberately indifferent for failing to perform a root canal); *Mathews v. Raemisch*, 513 F. App'x 605, 607–08 (7th Cir. 2013) (extraction instead of root canal does not amount to Eighth Amendment violation).

In sum, Walker's purported dissatisfaction with his dental treatment options demonstrates a difference of opinion between him and the prison's health care provider and does not amount to an Eighth Amendment claim. *See Estelle*, 429 U.S. at 107. Walker therefore fails to state a deliberate indifference claim that is plausible on its face.

## LEAVE TO AMEND

As stated, Walker's entire complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, the court will grant Walker twenty-one days (21) to file an amended complaint as to his dental claim. If Walker decides to file an amended complaint in this action, he must clearly label it "Amended Complaint" on the face of the document. It must bear the docket number assigned to this case and must be retyped (double spaced) or legibly rewritten (double spaced) in its entirety, on the court-approved form. In addition, any amended complaint filed by Walker supersedes (replaces) the original complaint already filed. It must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1; *see also W. Run Student Hous. Assocs. v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013).

The court cautions Walker that the amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in individually numbered paragraphs in short, concise, and simple statements. *Id.*; Fed. R. Civ. P. 10(b). The factual allegations of the amended complaint may not be conclusory. Instead, the facts alleged should be specific enough as to time and place of the violations and must *identify* the specific person or persons responsible for the deprivation of his constitutional rights and what each defendant did to harm him. *Iqbal*, 556 U.S. at 676.

If Walker fails to file an amended complaint on the court's form within twenty-one days, the court will dismiss his action pursuant to 28 U.S.C. § 1915(e)(2)(B).

An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated:  January 10, 2022